UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21222-Civ-COOKE/BANDSTRA

ALLISON SMITH EHREN,

    Plaintiff

vs.

MOON, INC.,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

THIS MATTER is before me on the Plaintiff's Motion for Entry of Default Final Judgment as to Liability Only Against Defendant, Moon, Inc. and Plaintiff's Motion for Class Certification. I have reviewed the motion, the record, and the relevant legal authorities. The Plaintiff requests that I enter default judgment against the Defendant as to liability only, and to reserve a ruling on damages. The Plaintiff then seeks leave to conduct discovery to support its motion for class certification. For the reasons explained in this Order, the Plaintiff's motion for default judgment is granted, and the Plaintiff will be permitted to submit a motion for damages in light of this order. The Plaintiff's motion for class certification is denied.

**I. BACKGROUND**

This case involves allegations of a "truncation" violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA"). (Pl.'s Mot. for Class Certification 2-3, ECF No. 16-1). Truncation involves cropping a portion of the consumer's credit card number, and also includes omitting the consumer's credit card expiration date, in order to help safeguard the consumer's credit information. *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301,

1306 (11th Cir. 2009). "FACTA, which is aimed at protecting consumers from identity theft, provides that 'no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.'" *Id.* (citing 15 U.S.C. § 1681c(g)(1)). "Any person who willfully fails to comply with [the truncation requirement] is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. 1681n(a). Additionally, a successful plaintiff is also entitled to recover his or her costs and "reasonable attorney's fees as determined by the court." *Id.*

The Plaintiff filed her lawsuit in May 2009. (Compl., ECF No. 1). Seven months later the Plaintiff moved for the entry of a default, which was granted. (Mot. for Default, ECF No. 6). Four months after the default was entered I entered an order to show cause, requiring the Plaintiff to move for default judgment and giving the Defendant a final opportunity to respond to this lawsuit. (Order to Show Cause, ECF No. 8). The Defendant filed an Answer, which was subsequently stricken because it was filed *pro se* on behalf of a corporation. (Answer, ECF No. 9; Order Striking Answer, ECF No. 12). On June 8, 2010, I again ordered the Plaintiff to move for default judgment by June 17, 2010. (Order, ECF No. 14). On July 22, 2010, I entered an order to show cause, noting that it appeared from the record that the Plaintiff had engaged in a pattern of delay and inaction. (Order to Show Cause, ECF No. 15). On July 26, 2010, the Plaintiff filed her motion for default judgment.

## II. DEFAULT JUDGMENT

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Here, the Plaintiff has alleged that the Defendant provided a

receipt which failed to redact, or truncate, a portion of the Plaintiff's credit card number and expiration date.  The Plaintiff concedes that she did not suffer any actual damages, and admits that only the statutory damages are applicable in this matter.  (Compl. ¶ 22, ECF No. 1).  The Plaintiff's motion for default judgment is therefore granted as to the Defendant's liability in this matter.

### III.  CLASS ACTION

In addition to several other requirements outlined in Federal Rule of Civil Procedure 23, before a class action can be maintained a court must find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  The decision to certify a class action is within the discretion of the district court, so long as the court applies the standards set out in Rule 23.  *See Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006).

There is "nothing in the [FACTA] statute . . . that mandates class action treatment of FACTA claims or precludes a district court from considering the prospect of annihilative liability in the certification calculus." *Stillmock v. Weis Markets, Inc.*, No. 09-1632, 2010 WL 2621041, at * 8 (4th Cir. July 1, 2010) (Wilkinson, J. concurring); *see also Klay v. Humana, Inc.*, 382 F.3d 1241, 1271 (11th Cir. 2004) ("In cases where 'the defendants' potential liability would be enormous and completely out of proportion to any harm suffered by the plaintiff,' we are likely to find that individual suits, rather than a single class action, are the superior method of adjudication") (quoting *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255 n.5 (11th Cir. 2003)).  "Certifying a class action that would impose annihilative damages where there has been no actual harm from identity theft could raise serious constitutional concerns." *Stillmock*, 2010 WL 2621041, at * 10 (Wilkinson, J. concurring).

In this case, I find that certifying a class action is not superior to other available methods for fairly and efficiently adjudicating this controversy. If class action treatment were applied here, where the complaint contains no indication of any actual damages, the aggregated relief could be oppressive in consequence and difficult to justify. Certifying a class action in this matter is not superior to other methods of litigation because a class action in this context could raise serious constitutional problems implicating the Defendant's Due Process rights. Additionally, since FACTA provides plaintiffs with both costs and reasonable attorney's fees in the case of any successful action establishing willful or negligent violations, and provides for either statutory or actual damages, I find that there are adequate alternatives and incentives for consumers to bring individual suits under FACTA, assuming such violations occurred. The Plaintiff's Motion for Class Certification is denied.

### IV. CONCLUSION

It is **ORDERED and ADJUDGED** at follows:

1. The Plaintiff's Motion for Default Judgment (ECF No. 16) is **GRANTED**.

2. The Plaintiff's Motion for Class Certification (ECF No. 16-1) is **DENIED**.

3. The Court will retain jurisdiction on damages. The Plaintiff shall file a motion on the issue of damages <u>within fourteen days of this order</u>.

**DONE and ORDERED** in chambers, at Miami, Florida, this 3rd day of December 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*