UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21222-Civ-COOKE/BANDSTRA

ALLISON SMITH EHREN,

    Plaintiff

vs.

MOON, INC.,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF
ATTORNEY'S FEES AND REASONABLE EXPENSES OF LITIGATION**

THIS MATTER is before me on the Plaintiff's Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation (ECF No. 19). I have reviewed the motion, the record, and the relevant legal authorities. The Plaintiff requests that I award her statutory damages for the Defendant's violation of the Fair and Accurate Credit Transactions Act, as well as attorney's fees and reasonable expenses for having to litigate this matter. For the reasons explained in this Order, the Plaintiff's motion is granted, consistent with this order.

**I. BACKGROUND**

This case involves allegations of a "truncation" violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA"). (Pl.'s Mot. for Class Certification 2-3, ECF No. 16-1). Truncation involves cropping a portion of the consumer's credit card number, and also includes omitting the consumer's credit card expiration date, in order to help safeguard the consumer's credit information. *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009). "FACTA, which is aimed at protecting consumers from identity theft, provides that 'no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt

provided to the cardholder at the point of the sale or transaction.'" *Id.* (citing 15 U.S.C. § 1681c(g)(1)).

The Plaintiff filed her lawsuit in May 2009. (Compl., ECF No. 1). Seven months later the Plaintiff moved for the entry of a default, which was granted. (Mot. for Default, ECF No. 6). Four months after the default was entered I entered an order to show cause, requiring the Plaintiff to move for default judgment and giving the Defendant a final opportunity to respond to this lawsuit. (Order to Show Cause, ECF No. 8). The Defendant filed an Answer, which was subsequently stricken because it was filed *pro se* on behalf of a corporation. (Answer, ECF No. 9; Order Striking Answer, ECF No. 12). On June 8, 2010, I again ordered the Plaintiff to move for default judgment by June 17, 2010. (Order, ECF No. 14). On July 22, 2010, I entered an order to show cause, noting that it appeared from the record that the Plaintiff had engaged in a pattern of delay and inaction. (Order to Show Cause, ECF No. 15). On July 26, 2010, the Plaintiff filed her motion for default judgment.

I granted the Plaintiff's Motion for Default Judgment as to liability and allowed the Plaintiff to submit a motion for damages. (Order Granting Pl.'s Mot. For Default Judgment 1, ECF No. 18). At that time I denied the Plaintiff's motion to certify a class action against the Defendant. (*Id.*).

## II. DAMAGES

"Any person who willfully fails to comply with [the truncation requirement of FACTA] is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. 1681n(a). Additionally, a successful plaintiff is also entitled to recover his or her costs and "reasonable attorney's fees as determined by the court." *Id.*

As to the issue of statutory damages to the Plaintiff, the Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation does not present any argument as to what amount of statutory damages the Plaintiff should receive.  (*See* Pl.'s Mot. ¶ 4, ECF No. 19) (stating only that the Plaintiff is "entitled to statutory damages up to a maximum of One Thousand Dollars").  In the absence of any argument as to amount of statutory damages to award to the Plaintiff, I will award the Plaintiff $100.00 in statutory damages.  This amount, at the low-end of the statutory guideline, will adequately serve as punishment for violation the truncation requirement of FACTA, as well as a deterrent for future violations.  This amount is also appropriate, given that the Defendant will also be responsible for the Plaintiff's litigation costs and attorney's fees, which in this case are more than $3,000.00.

As to the issue of attorney's fees and costs, the Plaintiff has requested $4,895.00 in fees and $380.00 in litigation costs.  In support of this amount the Plaintiff attached an affidavit from Plaintiff's counsel, attesting to the reasonableness of the time and costs expended, as well as a detailed billing sheet. (Militzok Aff., ECF No. 19-1).  I have reviewed the affidavit and the time sheet and I do find that the amount of time and costs expended in litigating this matter was reasonable.  However, I find that given the nature of this lawsuit – the simple, straightforward issues involved, and the relatively low statutory damages in play – that Plaintiff's counsel's hourly rate of $275.00 is unreasonable.  I also note that, in reviewing counsel's detailed time sheet, it appears that Plaintiff's counsel never attempted reach out to the Defendant to settle this matter, either before filing this lawsuit, or at anytime during the litigation.  (*See* Militzok Aff., Ex. 1, ECF No. 19-1).  Since there was no attempt to reach an amicable settlement of this matter, it is unknown if this matter could have been resolved without the need to expend nearly twenty hours prosecuting this case.  This lack of effort to resolve this matter either before or during litigation also factors into my analysis of the reasonableness of Plaintiff's counsel's attorney

fees. I find that "reasonable attorney's fees" in this case consists of $2,670.00, which is the total time expended by Plaintiff's counsel (17.8 hours) multiplied by an hourly rate of $150.00.

### III. CONCLUSION

For the reasons explained in this Order, it is **ORDERED and ADJUDGED** at follows:

1. The Plaintiff's Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation (ECF No. 19) is **GRANTED**.

2. Judgment is entered in favor of the Plaintiff, Allison Smith Ehren, and against the Defendant, Moon, Inc., in the amount of **$3,150.00**, which consists of $100.00 in statutory damages to the Plaintiff, $2,670.00 in attorney's fees, and $380.00 in litigation costs, for which sum let execution issue.

3. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of January 2011.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*